T.C. Memo. 1997-107

UNITED STATES TAX COURT

CURTIS G. AND EDNA L. LOCKETT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3978-94.                         Filed March 3, 1997.

Curtis G. Lockett, pro se.

<u>Ruth Perez</u>, for respondent.

MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>:  This case was heard
pursuant to section 7443A(b)(3)[1] and Rules 180, 181, and 182.

Respondent determined deficiencies in Federal income taxes
of $7,012 and $5,985, respectively, for petitioners' 1991 and
1992 tax years.

---

[1]    Unless otherwise indicated, section references are to the
Internal Revenue Code in effect for the years at issue.  All Rule
references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether petitioners are entitled to deductions for expenses, under section 162(a), incurred in connection with a medical research activity conducted by Curtis G. Lockett (petitioner) during the years at issue, and (2) whether petitioners are entitled to an itemized deduction, under Schedule A, for job expenses and other miscellaneous expenses for the year 1991.[2]

Some of the facts were stipulated. Those facts, with the exhibits submitted therewith, are so found and are incorporated herein by reference. At the time the petition was filed, petitioners' legal residence was Mobile, Alabama.

For some 20 years prior to the years at issue, petitioner was a home building contractor. Sometime during this period, petitioner maintained a home laboratory for the purpose of developing a medicine to treat his minor daughter who was

---

[2] Petitioners conceded the failure to include in gross income dividends for the year 1991. The parties agree that the correct amount of the unreported dividend income is $94.52 instead of $96 as set out in the notice of deficiency. Petitioners also conceded the failure to include in gross income for the year 1991 the $500 premature distribution of an individual retirement account. Respondent determined, in the notice of deficiency, the 10-percent additional tax on early distributions from qualified retirement plans under sec. 72(t). Although petitioners did not expressly concede this adjustment, they presented no evidence and did not address this issue at trial. Petitioners are deemed to have waived this issue. The Court, therefore, determines that adjustment against petitioners. Rule 149(b); Walker-Scott Corp. v. Commissioner, 35 T.C. 34, 37 (1960). All other adjustments in the notice of deficiency are computational, based upon the Court's holding on the contested issues.

afflicted with sickle cell anemia. Petitioner developed what he referred to as a "compound" that he administered to his daughter and that, to petitioner's satisfaction, placed her sickle cell anemia in remission. Petitioner was convinced that his compound was effective because, for a time period in which he was unable to administer the compound to his daughter, her condition worsened, and she lost her left eye. When the compound was again administered to her, she became well.

Petitioner is not a doctor of medicine, although he holds a college degree in biology, chemistry, and physics. For the years prior to the years in question, petitioner did not consider his home laboratory as a trade or business for tax purposes. Also, the record does not indicate that petitioner ever contacted or made known to doctors and/or pharmaceutical companies his development of the compound, which he was satisfied relieved his daughter of her sickle cell anemia. Petitioner did not administer this compound to anyone other than his daughter, nor did he ever sell or market the compound. He was of the belief that his compound would be effective in suppressing AIDS and other human immune system problems.

Sometime in 1991, or a short time prior thereto, petitioner decided to proceed commercially with his compound. He discontinued his contracting business and spent considerable amounts of money in improving his laboratory. He adopted a trade

name of TEL Sickle Cell Research & Development and attempted to obtain tax-exempt status from the Internal Revenue Service under section 501(c)(3).  That attempt was unsuccessful and was not pursued further.  Petitioner, nevertheless, continued with his laboratory and considered it a trade or business for tax purposes for the years at issue.

On their 1991 and 1992 income tax returns, petitioners reported their construction/laboratory activity on Schedule C, Profit or Loss From Business, as follows:

<u>1991</u>

| | | |
|---|---|---|
| Income | | -0- |
| Expenses: | | |
| Bad debts from sales or services | $22,360.00 | |
| Car and truck expenses | 1,034.74 | |
| Insurance | 3,849.00 | |
| Legal and professional services | 8,494.71 | |
| Office expense | 637.00 | |
| Rent or lease of vehicles | 2,640.00 | |
| Utilities | 4,080.00 | |
| Total | | $43,095.45 |
| Loss | | $43,095.45 |

<u>1992</u>

| | | |
|---|---|---|
| Income | | -0- |
| Expenses: | | |
| Advertising | $ 3,840 | |
| Commissions and fees | 2,130 | |
| Insurance | 1,560 | |
| Legal and professional services | 2,500 | |
| Office expense | 632 | |
| Rent or lease of vehicles | 547 | |
| Repairs and maintenance | 18,350 | |
| Taxes and licenses | 680 | |
| Travel | 1,303 | |
| Meals and entertainment (net) | 294 | |
| Utilities | 2,880 | |
| Total | | $34,716 |
| Loss | | $34,716 |

In the notice of deficiency, respondent disallowed all of the expenses claimed for the 2 years in question on the ground that petitioners "did not establish that the business expenses shown on your tax return were paid or incurred during the taxable year and that the expenses were ordinary and necessary to your business".

On Schedule A, Itemized Deductions, of their 1991 return, petitioners claimed an itemized deduction for the following:

| | |
|---|---|
| Uniform rental | $ 360.00 |
| Leftover equipment expenses | 5,435.00 |
| Less 2% (sec. 67(a)) | (188.44) |
| Deduction claimed | $5,606.56 |

Respondent disallowed that amount on the ground that no information was provided to support the claimed deduction.

The determinations of the Commissioner in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

When this case was originally heard, the Court, after hearing the testimony of petitioner and one witness for respondent, recessed the trial because petitioner had no books and records to present. Petitioner stated that his books and records were held at different places over the United States; that he would gather his records and meet with counsel for respondent; and that, if a settlement of the case was not

reached, the case would be recalendared for trial. Over 1 year later, the parties had failed to agree on a settlement; whereupon the case was recalendared for completion of the trial.

The evidence presented by petitioner to substantiate his expenses was scant. Although he produced copies of a series of canceled checks, many of the checks were payable to cash, and no receipts, bills, or invoices were produced to corroborate or associate any of the checks with the expense purportedly being paid. Moreover, as to each of the expenses at issue, the checks submitted to support the expense claimed did not add up to or equal the amount claimed as an expense on the return. Petitioner's basic answer was that he could not "come up" with the missing checks. Moreover, the evidence fails to support a finding that petitioner was engaged in a trade or business during the years in question. Petitioner acknowledged that he was no longer in the building construction business during 1991 and 1992, and the Court is satisfied that petitioner was not engaged in a medical research and development activity during the 2 years at issue. At best, petitioner was attempting to start or begin an activity in medical research, and the evidence falls short of establishing that such an activity ever commenced or was likely to commence.

Section 162(a) provides generally that there shall be allowed as a deduction all the ordinary and necessary expenses

paid or incurred during the taxable year in carrying on any trade or business.  To be entitled to a deduction under section 162(a), a taxpayer is required to substantiate the deduction through the maintenance of books and records.  Section 6001 requires generally that a taxpayer liable for any tax shall maintain such records, render such statements, make such returns, and comply with such regulations as the Secretary may from time to time prescribe.  The meager records petitioner presented to substantiate the expenses at issue do not satisfy the recordkeeping requirements of section 6001 and do not prove that the expenses claimed were paid or incurred.  The Court holds that petitioners have not sustained their burden of establishing their entitlement to a deduction of their Schedule C expenses for 1991 and 1992.  Respondent, therefore, is sustained on this issue.

The second issue relates to the year 1991 and Schedule A, Itemized Deductions, in the amount of $5,606.56 claimed by petitioners that were also disallowed by respondent for lack of substantiation.  As noted above, petitioners claimed a deduction of $360 for uniform rental and $5,435 for leftover equipment expenses, subject to the limitation provisions of section 67(a).

The $5,435 represented payments petitioner claims he made during 1991 on equipment that had been used in his construction activity.  No documentary evidence was presented to substantiate either the $5,435 for equipment payments or the $360 uniform

rental expenses.  Respondent, therefore, is sustained on this issue.

Decision will be entered under Rule 155.